Julie W. O'Dell, CA Bar No. 291083
jodell@atllp.com
Drake A. Mirsch, CA Bar No. 328526
dmirsch@atllp.com
ARMSTRONG TEASDALE LLP
19800 MacArthur Boulevard, Suite 300
Irvine, California, 92612
Telephone: 314.621.5070
Facsimile: 314.621.5065

Attorneys for Defendant
Guckenheimer Enterprises, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDITH CUEVAS,<br><br>Plaintiff,<br><br>v.<br><br>GUCKENHEIMER ENTERPRISES, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. '23CV0992 H KSC<br><br>**GUCKENHEIMER ENTERPRISES, INC.'S NOTICE OF REMOVAL** |

**NOTICE OF REMOVAL OF CIVIL ACTION TO PLAINTIFF, HER ATTORNEYS OF RECORD, AND THE CLERK OF THE UNITED STATES COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE Defendant Guckenheimer Enterprises, Inc., a Delaware corporation ("Guckenheimer") hereby removes this action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California under 28 U.S.C. §§ 1332, 1441, and 1446.

This Court has original subject matter jurisdiction over Plaintiff Edit Cuevas' ("Plaintiff") lawsuit under section 1332(a) because complete diversity of citizenship exists between Plaintiff and Guckenheimer—i.e., Plaintiff is a California citizen while Guckenheimer is not, and the amount in controversy exceeds $75,000.

Dated: May 30, 2023

ARMSTRONG TEASDALE LLP

By: /s/ Drake Mirsch
Julie W. O'Dell
Drake A. Mirsch

Attorneys for Defendant
Guckenheimer Enterprises, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

1. Removal of Plaintiff Edith Cuevas' ("Plaintiff") single-plaintiff wrongful termination lawsuit from the San Diego Superior Court is proper because complete diversity of citizenship exists between Plaintiff and Defendant Guckenheimer Enterprises, Inc. ("Guckenheimer"), and the amount in controversy exceeds $75,000. While Plaintiff is a California citizen, Guckenheimer is incorporated in Delaware with its principal place of business in San Antonio, Texas. Consequently, removal to the Southern District of California is proper under section 1441(a) because the Southern District embraces the San Diego County Superior Court and it has original jurisdiction over Plaintiff's claims under section 1332(a).

## II. FACTUAL BACKGROUND

2. On April 28, 2023, Plaintiff filed a single-plaintiff wrongful termination lawsuit in the San Diego County Superior Court, entitled *Edith Cuevas v. Guckenheimer Enterprises, Inc.*, Case No. 37-2023-00017962. Declaration of Drake A. Mirsch ("Mirsch Decl.") ¶ 2, Exh. 1. Plaintiff's Complaint asserts five causes of action for: (1) disability discrimination; (2) failure to accommodate; (3) failure to engage in the interactive process; (4) unlawful retaliation; and (5) wrongful termination. Mirsch Decl., Exh. 1, p. 1.

3. Three days later, on May 1, 2023, Guckenheimer was personally served with the Summons and Complaint. Mirsch Decl. ¶ 2. Guckenheimer timely answered the Complaint on May 22, 2023. Mirsch Decl. ¶ 3.

4. In addition to the Summons, Complaint, Answer and proof of service, the state court action contains the additional process, notices, and pleadings: Civil Case Cover Sheet and Notice of Case Assignment. Mirsch Decl. ¶ 4, Exhs. 3-4. To Guckenheimer's knowledge, the documents attached as Exhibits 1 through 4 to the Declaration of Drake A. Mirsch constitute all process, pleadings, and orders filed in

the state court action, as required under section 1446(a). Mirsch Decl. ¶ 5.

5. Guckenheimer maintains Plaintiff's lawsuit is subject to a dispute resolution agreement between Plaintiff and Guckenheimer, which requires Plaintiff's claims to be resolved through private arbitration. Guckenheimer does not waive its right to enforce the dispute resolution agreement by removing Plaintiff's lawsuit to this Court.

## III. JURISDICTION AND VENUE

6. The Southern District of California has subject matter jurisdiction over Plaintiff's lawsuit under section 1332(a) because complete diversity of citizenship exists between Plaintiff and Guckenheimer—i.e., Plaintiff is a California citizen while Guckenheimer is not, and the amount in controversy exceeds $75,000. Venue is proper under 28 U.S.C. §§ 84(c)(2), 1391, and 1446.

## IV. REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP

7. Plaintiff's wrongful termination action is removable to this Southern District of California under sections 1332(a) and 1441(a). *See generally Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002). The district courts have "original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a)(1); *see also* 28 U.S.C. § 1441(a) (allowing for removal of diverse actions). Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Complete diversity means that each defendant must be a citizen of a different state from each plaintiff. *See Moss v. Infinity Insurance Co.*, 2017 WL 2335359, *2 (N.D. Cal. 2017).

8. Here, removal is proper under section 1332(a). There is complete diversity between Plaintiff and Guckenheimer. Plaintiff is a citizen of, and domiciled in, California. Guckenheimer is a Delaware corporation with its principal

place of business outside of California—and, therefore, not a "citizen" of California. Plaintiff's alleged general damages, request for punitive and exemplary damages, and attorney's fees, sets the amount in controversy over $75,000.

**a. Diversity of Plaintiff and Guckenheimer.**

9. Plaintiff is presently a citizen of California. For purposes of establishing diversity jurisdiction, a natural person's state of citizenship is determined by his state of domicile. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* at 857. Here, the Complaint alleges "Plaintiff Edith Cuevas is, and at all times material to the allegations in this complaint, was a resident of the State of California, County of San Diego." Mirsch Decl., Exh. 1, Compl., ¶ 2; *see also Ayala v. Cox Auto,* No. CV 16-06341-GHK (ASx), 2016 U.S. Dist. LEXIS 153617, *10 (C.D. Cal. Nov. 4, 2016) (holding there is a presumption a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence).

10. Plaintiff's California domicile is further established by her personnel records with Guckenheimer. In the resume Plaintiff submitted to Guckenheimer, Plaintiff listed a San Diego, California address. Declaration of Aisha Kindig ("Kindig Decl.") ¶ 4. Plaintiff entered the same San Diego address when completing her job application form with Guckenheimer. Kindig Decl. ¶ 4. During her tenure with Guckenheimer, Plaintiff never changed her address. Kindig Decl. ¶ 4. Based on Plaintiff's operative Complaint and her self-identification of the San Diego address in numerous documents, it is clear she is both a "citizen" and "resident" of California for purposes of diversity jurisdiction.

11. Guckenheimer is a Delaware corporation with a principal place of business outside of California—and, therefore, not a "citizen" of California. *See* 28 U.S.C. 1332(c)(1) ("[A]corporation shall be deemed to be a citizen of any state by

which it has been incorporated and of the state where it has its principal place of business."). Guckenheimer is and, at the time of filing of this action, was a corporation organized under the laws of Delaware, with its principal place of business in Texas. *See* Declaration of Declaration of Megan DeBard ("DeBard Decl.") Decl. ¶ 3. Guckenheimer's senior corporate management largely operate from their respective personal residences located throughout the country. DeBard Decl. ¶ 3. However, payroll functions, accounting functions, IT, procurement, and human resource functions of Guckenheimer are centralized in San Antonio, Texas. DeBard Decl. ¶ 3. Hence, Guckenheimer's principal place of business is San Antonio, Texas. DeBard Decl. ¶ 3. Guckenheimer is, therefore, a "citizen" of Delaware and Texas, not California.

**b. The Amount in Controversy Exceeds an Aggregate of $75,000, Exclusive of Interest and Costs**

12. This Court has original jurisdiction over the case under section 1332(a) and 1441(a) because the amount in controversy exceeds the requisite $75,000 minimum, exclusive of interest and costs.

13. This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein and more specifically described below.[1]

14. In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, and attorney's fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). These damages include those that can reasonably be anticipated at the time of removal, not merely those already incurred. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002); *see*

[1] By estimating the amounts Plaintiff may recover if she prevails, Guckenheimer does not concede that Plaintiff will prevail on any of her claims or that, if she prevails, she is entitled to damages in any particular amount or at al. Guckenheimer reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.



Armstrong Teasdale AT

*also Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSW, 2007 WL 1223699 (N.D. Cal. April 24, 2007) ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal").

15. Plaintiff seeks to recover general and special damages including, but not limited to, lost earnings and wages, emotional distress, attorney's fees and costs, and punitive damages. Mirsch Decl., Exh. 1, Compl., Prayer for Relief, p. 7.

16. Based on the allegations in the Complaint, Guckenheimer' s conservative, good faith estimate of the value of this action if Plaintiff prevails and recovers the damages that she seeks is well in excess of $75,000. Specifically, Guckenheimer estimates the amount in controversy as follows:

**i. Lost Earnings**

17. Plaintiff's claim for compensatory damages, including lost prior and future earnings, must be based on her annual compensation during the time of her employment with Guckenheimer. At the time of her alleged termination in September 2022, Plaintiff's hourly rate was $18.75 per hour. Kindig Decl. ¶ 5; *see also* Mirsch Decl., Exh. 1, Compl. ¶ 4. Assuming Plaintiff worked 40 hours per week, which she regularly did, Plaintiff's weekly earnings are approximately $750 ($18.75 x 40 hours).

18. Plaintiff's employment with Guckenheimer allegedly ended on September 1, 2020. Mirsch Decl., Exh. 1, Compl. ¶ 4. Thus, at the time of this removal, Plaintiff's alleged unmitigated lost wages are approximately $28,500 (which is $750 multiplied by 38 weeks of missed work). Based on the 2022 Judicial Caseload Profile for the Southern District of California,[2] the median time from filing in federal court to trial in a civil case is 46 months. *See* Mirsch Decl., Exh. 5. By the time this case is resolved at trial, likely no earlier than April 1, 2027 (46 months from the date this lawsuit was removed to federal court), Plaintiff's

[2] Guckenheimer requests the Court take judicial notice under Rule 201 of the Federal Rules of Evidence.

unmitigated lost wages could amount to approximately $150,000 (which is $750 multiplied by 200 weeks—i.e., 46 months—of missed work).

**ii. Emotional Distress Damages**

19. Plaintiff alleges that, as a result of Guckenheimer' s actions, "Plaintiff has suffered humiliation, mental anguish, and emotional distress, and has been harmed in mind and body." *See, e.g.*, Mirsch Decl., Exh. 1, Compl. ¶ 18. Unspecified mental and emotional distress damages are properly considered in calculating the amount in controversy. *See Simmons, supra*, 209 F.Supp.2d at 1031–35.

20. To establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *See Simmons, supra*, 209 F.Supp.2d at 1033; *Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 U.S. Dist. LEXIS 15801, *4 (N.D. Cal. 1999). In California, courts have awarded substantial damages for emotional distress in employment cases alleging discrimination and retaliation. *See, e.g., Juarez v. Autozone Stores, Inc*., 2014 WL 7017660 (S.D. Cal. 2014) (pain and suffering award of $250,000 in discrimination and harassment case); *Chopourian v. Catholic Healthcare West*, 2012 WL 767196 (E.D. Cal. 2012) (pain and suffering award of $33,000,000 in harassment case); *Palma v. Rite Aid Corp*., 2012 WL 3541952 (Los Angeles Cty. Super. Ct.) (award of $3,000,000 in pain and suffering to employee who was terminated after taking medical leaves of absence); *Betson v. Rite Aid Corp*., 2011 WL 3606913 (Los Angeles Cty. Super. Ct.) (pain and suffering award of $500,000 to employee in harassment action); *Espinoza v. Cty. Of Orange*, 2009 WL 6323832 (Orange Cty. Super. Ct.) (awarding plaintiff $500,000 in emotional distress damages for disability discrimination and harassment); *Ko v. The Square Group L.L.C. d/b/a the Square Supermarket, et al*., 2014 WL 8108413 (Los Angeles Cty. Super. Ct.) (awarding Plaintiff $125,000 for emotional distress and $500,000 in punitive damages in a disability discrimination case); *Vitrano v. Advanta Mortgage*

*Corp. USA*, 1998 WL 301262 (San Diego Cty. Super. Ct.) (awarding Plaintiff $318,817 in economic damages, $100,000 for emotional distress and $125,000 in punitive damages in disability discrimination case).

21. Therefore, if Plaintiff were to prevail at trial, she could be awarded a substantial amount of emotional distress damages in addition to any award for lost wages and benefits.

**iii. Punitive Damages**

22. Plaintiff's Complaint also seeks recovery for punitive or exemplary damages. Mirsch Decl., Exh. 1, Compl., p. 7, lns. 18-19.

23. "Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount." *Bell vs. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943); *Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Simmons, supra*, 209 F.Supp.2d at 1033 (court may consider punitive damages recoverable under FEHA when determining the amount in controversy). California courts have awarded plaintiffs significant punitive damages in employment actions alleging discrimination or retaliation. *See Gutierrez v. Dignity Health*, 2019 WL 3069313 (Kern Cty. Super. Ct.) (awarding Plaintiff $175,000 in punitive damages in disability discrimination and retaliation case); *Colucci v. T-Mobile USA Inc.*, 2017 WL 4265980 (San Bernardino Cty. Super. Ct.) (punitive damages award for $4,000,000 in disability discrimination case); *Flores v. Office Depot Inc.*, 2017 WL 773850 (Los Angeles Cty. Super Ct.) (awarding Plaintiff $8,000,000 in punitive damages in disability discrimination and retaliation case); *Ko, supra*, 2014 WL 8108413 (awarding Plaintiff $125,000 for emotional distress and $500,000 in punitive damages in a disability discrimination case); *Juarez, supra*, 2014 WL 7017660 (S.D. Cal. 2014) (punitive damages award of $185,000,000 in discrimination and harassment case); *Rodriguez v. Valley Vista*

Armstrong Teasdale

*Services, Inc., et al.*, 2013 WL 8603615 (Los Angeles Cty. Super. Ct.) (awarding Plaintiff $21,798,446 consisting of $528,185 in economic damages, $4,700,000 in non-economic damages, and $16,570,261 in punitive damages in a disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation, and wrongful termination case); *Chopourian, supra*, 2012 WL 767196 (punitive damages award of $125,000,000 in harassment case); *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1,900,000, equal to the compensatory damage award, was appropriate in FEHA case); *Wysinger v. Automobile Club of Southern California*, 2006 WL 397031 (Santa Barbara Cty. Super. Ct.) (awarding Plaintiff $1,000,000 in punitive damages in disability discrimination case); *Vitrano, supra*, 1998 WL 301262 (awarding Plaintiff $318,817 in economic damages, $100,000 for emotional distress and $125,000 in punitive damages in disability discrimination case).

24. Indeed, in *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2004), the United States Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "single-digit multipliers are more likely to comport with due process."

25. Therefore, if Plaintiff were to prevail at trial, she could be awarded a substantial amount of punitive damages, which must be taken into consideration in evaluating the amount-in-controversy requirement for purposes of removal.

**iv. Attorney's Fees**

26. Attorney's fees may be included in the amount in controversy if recoverable by statute or contract. *Galt G/S, supra*, 142 F.3d at 1155-56. Attorney's fees are recoverable as a matter of right to the prevailing party under the FEHA. *See* Cal. Gov. Code § 12965.

27. Here, Plaintiff seeks attorney's fees under FEHA pursuant to the California Government Code. Mirsch Decl., Exh. 1, Compl., p. 7, lns. 16-17. Thus,

the Court must consider Plaintiff's request for attorney's fees in assessing the amount- in-controversy requirement.

28. Courts have awarded far in excess of $75,000 in attorney's fees in FEHA cases. *See, e.g.*, Mirsch Declaration, Exh. 6, *Salvaterra v. Taco Hut Mexican Grill*, Case No. CIVDS1410925 (San Bernardino Cty. Super. Ct.) (attorney's fees award of $578,340 in FEHA case).

29. Guckenheimer anticipates depositions being taken in this case and that Guckenheimer will file a Motion for Summary Judgment. Based on defense counsel's experience, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial. Mirsch Decl. ¶ 8.

30. Accordingly, based on a good faith estimate of the value of the claims asserted on the face of the Complaint, it is "more likely than not" that the amount at issue in this lawsuit exceeds the minimum amount required for diversity jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see, e.g., Simmons, supra*, 209 F. Supp. 2d at 1031-1035 (finding that the plaintiff's alleged lost income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional damages, punitive damages, and attorney's fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney's fees and punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction, even though Plaintiff had only specified $13,000 in damages from lost income at the time of removal); *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261 (E.D. Cal. 2017) (finding that pregnancy discrimination claim praying for economic damages

Armstrong Teasdale

and unspecified emotional distress, punitive damages, and attorney's fees satisfied the amount in controversy required to establish diversity jurisdiction, even though the plaintiff had only incurred $27,027 in lost wages at the time of removal).

31. This Court has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), on the basis that the amount in controversy exceeds the requisite $75,000, exclusive of interest and costs.

## V. THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET

32. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of San Diego is located within the Southern District of California. Therefore, venue is proper in this Court, pursuant to 28 U.S.C. § 84(c), because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

33. In accordance with section 1446(b), Guckenheimer's Notice of Removal was filed within 30 days after service of the Complaint on May 1, 2023.

34. In accordance with section 1446(a), Exhibits 1 through 4 attached to the Declaration of Drake Mirsch contain copies of all process, pleadings, and orders served upon Plaintiff, Guckenheimer, or the Court.

35. In accordance with section 1446(d), Guckenheimer will give written notice of the original removal of this action to Plaintiff via her counsel and file a copy of that Notice with the Superior Court of California, San Diego County.

36. In the event this Court has a question regarding the propriety of this Notice of Removal, Guckenheimer requests that the Court issue an Order to Show Cause so that Guckenheimer may have an opportunity to more fully brief the basis for this removal.

Dated: May 30, 2023

ARMSTRONG TEASDALE LLP

By: /s/ Drake Mirsch
Julie W. O'Dell
Drake A. Mirsch

Attorneys for Defendant
Guckenheimer Enterprises, Inc.